UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:11-cr-007-RLY-WGH-01 |
| ) | |
| LARRY EVERETT HODGE, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S MOTION FOR PRETRIAL DETENTION**

COMES NOW the United States of America, by Joseph H. Hogsett, the United States Attorney for the Southern District of Indiana, and Todd S. Shellenbarger, Assistant United States Attorney, and respectfully moves this Court to detain the defendant before trial, pursuant to 18 U.S.C. § 3142(e) and (f), and submits the following:

When a motion for pretrial detention is made, the Court engages a two-step analysis. First, the judicial officer must determine whether one of six conditions exists for considering a defendant for pretrial detention. Second, after a hearing, the Court determines whether the standard for pretrial detention is met. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988).

A defendant may be considered for pretrial detention in only six circumstances: when a case involves one of either four types of offenses or two types of risks. A defendant is eligible for detention upon motion by the United States in cases involving (1) a crime of violence, (2) an offense with a maximum punishment of life imprisonment or death, (3) specified drug offenses carrying a maximum term of imprisonment of ten years or more and any felony that involves a minor victim, possession of a firearm, or failure to register as a sex offender under 18 U.S.C. § 2250, or (4) any felony where the defendant has two or more federal convictions for the above

offenses or state convictions for identical offenses, 18 U.S.C. § 3142(f)(1), or, upon motion by the United States or the Court *sua sponte*, in cases involving (5) a serious risk that the person will flee, or (6) a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, a prospective witness or juror. *Id.*, § 3142(f)(2); *United States v. Sloan*, 820 F.Supp. 1133, 1135-36 (S.D. Ind. 1993). The existence of any of these six conditions triggers the detention hearing which is a prerequisite for an order of pretrial detention. 18 U.S.C. § 3142(e). The judicial officer determines the existence of these conditions by a preponderance of the evidence. *Friedman*, 837 F.2d at 49. *See United States v. DeBeir*, 16 F.Supp.2d 592, 595 (D. Md. 1998) (serious risk of flight); *United States v. Carter*, 996 F.Supp. 260, 265 (W.D. N.Y. 1998).

Once it is determined that a defendant qualifies under any of the six conditions of § 3142(f), the court may order a defendant detained before trial if the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required, and the safety of any other person and the community. 18 U.S.C. § 3142(e). Detention may be based on a showing of either dangerousness or risk of flight; proof of both is not required. *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985). With respect to reasonably assuring the appearance of the defendant, the United States bears the burden of proof by a preponderance of the evidence. *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985); *United States v. Himler*, 797 F.2d 156, 161 (3d Cir. 1986); *United States v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir.), *cert. denied*, 479 U.S. 841, 107 S.Ct. 148, 93 L.Ed.2d 89 (1986); *Fortna*, 769 F.2d at 250; *United States v. Chimurenga*, 760 F.2d 400, 405-06 (2d Cir. 1985); *United States v. Orta*, 760 F.2d 887, 891 & n. 20 (8th Cir. 1985); *United States v. Leibowitz*, 652 F.Supp. 591,

596 (N.D. Ind. 1987). With respect to reasonably assuring the safety of any other person and the community, the United States bears the burden of proving its allegations by clear and convincing evidence. 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739, 742, 107 S.Ct. 2095, 2099, 95 L.Ed.2d 697 (1987); *Portes*, 786 F.2d at 764; *Orta*, 760 F.2d at 891 & n. 18; *Leibowitz*, 652 F.Supp. at 596; *United States v. Knight*, 636 F.Supp. 1462, 1465 (S.D. Fla. 1986). Clear and convincing evidence is something more than a preponderance of the evidence but less than proof beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 431-33, 99 S.Ct. 1804, 1812-13, 60 L.Ed.2d 323 (1979).

      The defendant in the instant case is charged by Indictment with seven counts of production of sexually explicit material involving minors, two counts of conspiracy to produce sexually explicit material involving minors and two counts of distribution of sexually explicit material involving minors in violation of 18 U.S.C. §§ 2251(a) and 2252(a)(1). The defendant is subject to detention because the offenses involve a minor victim. Pursuant to 18 U.S.C. § 3142(c)(1)(B), a minimum mandatory release condition of electronic monitoring must be imposed by the Court because the defendant is charged with a violation of 18 U.S.C. § 2251(a) involving a minor victim. The government is moving to detain the defendant based on a serious risk that the defendant will flee in order to avoid prosecution and based on the defendant posing a danger to the safety of any other person and the community.

      A defendant may be detained, upon the Court's consideration of the evidence presented on the issue of release or detention, weighed in accordance with the factors set forth in 18 U.S.C. § 3142(g) and the legal standards set forth above. Among the factors considered both on the issue of flight and dangerousness to the community are (1) the nature and the circumstances of

the offense charged, (2) the weight of the evidence, (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community posed by release. 18 U.S.C. § 3142(g).

The Government submits the following with regard to each factor:

1) The nature and the circumstances of the offense charged.

    A. The nature of the Offense

The offenses charged in the Indictment allege that the defendant produced and conspired to produce sexually explicit material involving a minor between April 1, 2010, and November 27, 2010. The offense conduct includes the defendant physically participating in the sexual abuse of an eight year old female child documented by digital photographs including the commission of sex acts against the minor by the defendant and sadistic abuse of the minor by the defendant.

    B. The Circumstances of the Offense

The circumstances of the offense are set forth in the Indictment and include the defendant physically participating in the sexual abuse of an eight year old female child and seven separate instances of production of sexually explicit images involving the minor.

    C. Potential Penalty

The defendant is facing a minimum mandatory sentence of 15 years and a maximum sentence of 30 years for each charged production of sexually explicit material involving minors in violation of 18 U.S.C. §§ 2251(a) and 2252(e) and each conspiracy count. With the prospect

of at least a 15 year sentence upon conviction, the defendant poses a serious risk to flee to avoid prosecution if released before trial.

    2)  The weight of the evidence.

The basis for the offense is set forth in the Indictment.  The government is prepared to offer evidence demonstrating a high probability of conviction in the detention hearing including statements of the defendant.

    3) The history and characteristics of the person.

The defendant is not believed to own any real estate in the community.  The defendant has been held in custody in the Vanderburgh County Jail since November 27, 2010, on child molestation charges related to this case.

    4) The nature and seriousness of the danger to any person or the community posed by release.

The defendant's conduct that resulted in his prosecution in this case, particularly the acts involving the defendant physically participating in the sexual abuse of an eight year old female child documented by digital photographs demonstrates that the defendant poses a serious risk to the safety of minor children in the community.  The defendant has demonstrated a strong sexual interest in children, including sadistic depictions involving children, and should be detained pending disposition of this matter.

5

WHEREFORE, the United States respectfully requests that the defendant be detained pending trial of this matter.

          Respectfully Submitted

          Joseph H. Hogsett
          United States Attorney

By:   s/Todd S. Shellenbarger
          Todd S. Shellenbarger
          Assistant United States Attorney
          US Attorney's Office
          101 NW Martin Luther King, Jr. Blvd.
          Evansville, IN 47708
          (812) 465-6475
          FAX (812) 465-6443
          Todd.Shellenbarger@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on **March 15, 2011**, a copy of the foregoing Government's Motion for Pretrial Detention was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Glenn A. Grampp
Attorney at Law
lindamcgrw@yahoo.com

By:   s/ Todd S. Shellenbarger

      Todd S. Shellenbarger

      101 Martin Luther King BLVD, Federal Building
      Evansville, IN 47708 Phone: (812) 465-6475
      Fax: (812) 465-6444
      E-mail: Todd. Shellenbarger@usdoj.gov